UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ------------------------------------------------------- : <br> RYAN O'DELL, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> CINCOR PHARMA, INC., MARC DE : <br> GARIDEL, DAVID ALLISON, PH.D., : <br> MAINA BRAMAN, MBA, JAMES I. : <br> HEALY, M.D., PH.D., TROY IGNELZI, : <br> JUNE LEE, M.D., JASON PITTS, PH.D., and : <br> JOHN F. THERO, : <br> : <br> Defendants. : <br> ------------------------------------------------------- : | Case No. 1:23-cv-556 <br><br> **COMPLAINT FOR VIOLATIONS OF SECTIONS 14(e), 14(d) AND 20(a) OF THE SECURITIES EXCHANGE ACT OF 1934** <br><br> **JURY TRIAL DEMANDED** |

Ryan O'Dell ("Plaintiff"), by and through his attorneys, alleges the following upon information and belief, including investigation of counsel and review of publicly-available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

1. This is an action brought by Plaintiff against CinCor, Inc. ("CinCor or the "Company") and the members CinCor board of directors (the "Board" or the "Individual Defendants" and collectively with the Company, the "Defendants") for their violations of Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), in connection with the proposed acquisition of CinCor by affiliates of AstraZeneca PLC, a public limited company incorporated in England and Wales ("AstraZeneca").

2. Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading Solicitation Statement on Schedule 14D-9 (the "Solicitation Statement") to be filed on January 23, 2023 with the United States Securities and

Exchange Commission ("SEC") and disseminated to Company stockholders. The Solicitation Statement recommends that Company stockholders tender their shares in support of a proposed transaction whereby Cinnamon Acquisition, Inc. ("Merger Sub"), a wholly owned subsidiary of AstraZeneca Finance and Holdings Inc. ("Parent"), will merge with and into CinCor, with CinCor continuing as the surviving corporation and as a wholly owned subsidiary of AstraZeneca (the "Proposed Transaction"). Parent and Merger are both affiliates of AstraZeneca. Pursuant to the terms of the definitive agreement and plan of merger the companies entered into, dated January 8, 2023 (the "Merger Agreement"), each CinCor common share issued and outstanding will be converted into the right to receive: (i) $26.00 per share owned; plus (ii) one non-tradable contingent value right ("CVR") representing the contractual right to receive contingent payments of up to $10.00 per CVR in accordance with the terms and subject to the CVR Agreement (the "Merger Consideration"). In accordance with the Merger Agreement, Purchaser commenced a tender offer to acquire all of CinCor's outstanding common stock and will expire on February 23, 2023 (the "Tender Offer").

3.      Defendants have now asked CinCor's stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Solicitation Statement, in violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act. Specifically, the Solicitation Statement contains materially incomplete and misleading information concerning, among other things, (i) CinCor's financial projections relied upon by the Company's financial advisor, Centerview Partners LLC ("Centerview"); and (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinions provided by Centerview. The failure to adequately disclose such material information constitutes

a violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act as CinCor stockholders need such information in order to tender their shares in support of the Proposed Transaction.

4. It is imperative that the material information that has been omitted from the Solicitation Statement is disclosed to the Company's stockholders prior to the expiration of the tender offer.

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to CinCor's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(e), 14(d), and 20(a) of the Exchange Act and SEC Rule 14a-9.

7. Personal jurisdiction exists over each Defendant either because each is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over defendant by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because Plaintiff resides in this District.

## PARTIES

9. Plaintiff is, and has been at all relevant times, the owner of CinCor common stock and has held such stock since prior to the wrongs complained of herein.

10. Individual Defendant Marc de Garidel has served as a member of the Board since July 2021 and is the Company's President and Chief Executive Officer.

11. Individual Defendant David Allison, Ph.D. has served as a member of the Board since May 2019.

12. Individual Defendant Maina Bhaman, MBA has served as a member of the Board since May 2019.

13. Individual Defendant James I. Healy, M.D., Ph.D. has served as a member of the Board since May 2019 and is the Chairman of the Board.

14. Individual Defendant Troy Ignelzi has been a member of the Board since May 2021.

15. Individual Defendant June Lee, M.D. served as a member of the Board since January 2022.

16. Individual Defendant Jason Pitts, Ph.D. served as a member of the Board since September 2021.

17. Individual Defendant John F. Thero served as a member of the Board since May 2021.

18. Defendant CinCor is incorporated in Delaware and maintains its principal offices at 200 Clarendon Street, 6th Floor, Boston, Massachusetts 02116. The Company's common stock trades on the NASDAQ Global Select Market under the symbol "CINC."

19. The defendants identified in paragraphs 10-17 are collectively referred to as the "Individual Defendants" or the "Board."

20. The defendants identified in paragraphs 10-18 are collectively referred to as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

A.  **The Proposed Transaction**

21. CinCor, a clinical-stage biopharmaceutical company, engages in the development of drugs for the treatment for cardio-renal diseases. It is involved in developing CIN-107, which is in Phase II clinical trial for the treatment of hypertension, primary aldosteronism, and other cardio-renal diseases, as well as in Phase I clinical trial to treat chronic kidney diseases. The Company was incorporated in 2018 and is based in Waltham, Massachusetts.

22. On January 9, 2023, AstraZeneca and the Company jointly announced the Proposed Transaction:

> WALTHAM, Mass., Jan. 09, 2023 (GLOBE NEWSWIRE) -- CinCor Pharma, Inc. (NASDAQ: CINC) today announced that it has entered into a definitive agreement with AstraZeneca under which AstraZeneca has agreed to acquire CinCor.
>
> Marc de Garidel, Chief Executive Officer at CinCor, said: "We are excited about the proposed acquisition of CinCor Pharma by AstraZeneca as we believe it offers the prospect of accelerating the development timeline and expanding the breadth of benefits patients with cardiorenal diseases might obtain from baxdrostat, if approved. CinCor is committed to ensuring a smooth transition of the development responsibilities to AstraZeneca once the acquisition is consummated. Thank you to all who have played, and will continue to play, essential roles in developing and evaluating baxdrostat as a potential novel treatment for cardiorenal diseases."
>
> James Healy, M.D., Ph.D., Chairman of CinCor's Board of Directors and Managing Partner at Sofinnova Investments, added: "AstraZeneca's shared commitment to addressing the unmet medical need for patients with hypertension and cardiorenal disease will accelerate CinCor's mission to develop and deliver life-changing therapies that improve patient care. The CinCor management team has laid very important scientific and clinical groundwork for the baxdrostat program, including the successful Phase 2 BrigHtn trial that was recently published in the New England Journal of Medicine. On behalf of CinCor's Board of Directors, I would like to recognize and thank the CinCor team, scientific advisors and patients for their dedication and contributions to the advancement of the development of baxdrostat."

Under the terms of the merger agreement, AstraZeneca is obligated to initiate a tender offer by January 23, 2023 to acquire all of CinCor's outstanding shares for a price of $26.00 per share in cash at closing plus a non-tradable contingent value right of $10.00 per share in cash payable upon a specified regulatory submission of a baxdrostat product. The upfront cash portion of the consideration represents a transaction value of approximately $1.3 billion and a 121% premium over CinCor's closing market price on January 6, 2023. Total consideration including the contingent value right, if the milestone is achieved, would be approximately $1.8 billion and a 206% premium over CinCor's closing market price on January 6, 2023. CinCor's Board of Directors has unanimously approved the transaction.

The closing of the tender offer is subject to certain conditions, including the tender of shares of CinCor common stock representing at least a majority of the total number of CinCor's outstanding shares, the expiration or termination of the waiting period under the Hart-Scott-Rodino Antitrust Improvements Act of 1976 and other customary conditions. CinCor stockholders holding approximately 44.8% of CinCor common stock have entered into a tender and support agreement with AstraZeneca, pursuant to which such stockholders have agreed, among other things, to tender 100% of their shares of CinCor common stock in the tender offer, subject to the terms and conditions of such agreement. Upon the successful completion of the tender offer, AstraZeneca's acquisition subsidiary will be merged with and into CinCor, and any remaining shares of common stock of CinCor will be cancelled and converted into the right to receive the same merger consideration (including the contingent value right) per share payable in the tender offer. Subject to the satisfaction of the conditions in the merger agreement, the acquisition is expected to close in the first quarter of 2023.

**About CinCor**

CinCor, founded in 2018, is a clinical-stage biopharmaceutical company with a mission to bring innovation to the pharmaceutical treatment of cardio-renal diseases. Its lead asset, baxdrostat (CIN-107), a highly selective, oral small molecule inhibitor of aldosterone synthase, is in clinical development for the treatment of hypertension and primary aldosteronism.

**About Baxdrostat (CIN-107)**

Baxdrostat is a highly selective, oral small molecule inhibitor of aldosterone synthase, the enzyme responsible for the synthesis of

aldosterone in the adrenal gland, in development for patient populations with significant unmet medical needs, including treatment-resistant hypertension and primary aldosteronism. Hypertension, which is defined by the American College of Cardiology and the American Heart Association as resting blood pressure above 130/80 mm Hg, is generally acknowledged to be one of the most common preventable risk factors for premature death worldwide. Though often asymptomatic, hypertension significantly increases the risk of heart disease, stroke, and kidney disease, amongst other diseases. It is estimated that as much as 20% of the global population suffers from hypertension, including nearly one-half of the adult population in the U.S., or 116 million hypertensive patients.

**Advisors**

Centerview Partners LLC is acting as exclusive financial advisor and Cooley LLP is acting as legal advisor to CinCor. Covington & Burling LLP is acting as legal advisor to AstraZeneca.

\* \* \*

23. It is therefore imperative that CinCor's stockholders are provided with the material information that has been omitted from the Solicitation Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests.

B.   **The Materially Incomplete and Misleading Solicitation Statement**

24. On January 23, 2023, CinCor filed the Solicitation Statement with the SEC in connection with the Proposed Transaction. The Solicitation Statement was furnished to the Company's stockholders and solicits the stockholders to tender their shares in support of the Proposed Transaction. The Individual Defendants were obligated to carefully review the Solicitation Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions. However, the Solicitation Statement misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to tender their shares, in violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act.

7

*Omissions and/or Material Misrepresentations Concerning Financial Projections*

25. The Solicitation Statement fails to provide material information concerning financial projections by CinCor management and relied upon by Centerview in its analysis. The Solicitation Statement discloses management-prepared financial projections for the Company which are materially misleading. The Solicitation Statement indicates that in connection with the rendering of its fairness opinion, that the Company prepared certain non-public financial forecasts (the "Company Projections") and provided them to the Board and Centerview with forming a view about the stand-alone valuation of the Company. Accordingly, the Solicitation Statement should have, but fails to provide, certain information in the projections that CinCor management provided to the Board and Centerview. Courts have uniformly stated that "projections … are probably among the most highly-prized disclosures by investors. Investors can come up with their own estimates of discount rates or [] market multiples. What they cannot hope to do is replicate management's inside view of the company's prospects." *In re Netsmart Techs., Inc. S'holders Litig.*, 924 A.2d 171, 201-203 (Del. Ch. 2007).

26. For the Company Projections, the Solicitation Statement provides values for non-GAAP (Generally Accepted Accounting Principles) financial metrics: Risk-Adjusted Non-GAAP Total Net Revenue, Non-GAAP Operating Income, and Unlevered Free Cash Flow but fails to provide line items used to calculate the metrics and a reconciliation of the non-GAAP metrics to their most comparable GAAP measures, in direct violation of Regulation G and consequently Section 14(a).

27. When a company discloses non-GAAP financial measures in a Solicitation Statement that were relied on by a board of directors to recommend that stockholders exercise their corporate suffrage rights in a particular manner, the company must, pursuant to SEC regulatory

mandates, also disclose all projections and information necessary to make the non-GAAP measures not misleading, and must provide a reconciliation (by schedule or other clearly understandable method) of the differences between the non-GAAP financial measure disclosed or released with the most comparable financial measure or measures calculated and presented in accordance with GAAP. 17 C.F.R. § 244.100.

28. The SEC has noted that:

> companies should be aware that this measure does not have a uniform definition and its title does not describe how it is calculated. Accordingly, a clear description of how this measure is calculated, as well as the necessary reconciliation, should accompany the measure where it is used. Companies should also avoid inappropriate or potentially misleading inferences about its usefulness. For example, "free cash flow" should not be used in a manner that inappropriately implies that the measure represents the residual cash flow available for discretionary expenditures, since many companies have mandatory debt service requirements or other non-discretionary expenditures that are not deducted from the measure.[1]

29. Thus, to cure the Solicitation Statement and the materially misleading nature of the forecasts under SEC Rule 14a-9 as a result of the omitted information in the Solicitation Statement, Defendants must provide a reconciliation table of the non-GAAP measures to the most comparable GAAP measures to make the non-GAAP metrics included in the Solicitation Statement not misleading.

*Omissions and/or Material Misrepresentations Concerning Centerview's Financial Analysis*

30. With respect to Centerview's *Analysis of Offer Price*, the Solicitation Statement fails to disclose: (i) the inputs and assumptions underlying the discount rate of 13.0%; and (ii) CinCor's weighted average cost of capital as analyzed by Centerview.

---

[1] U.S. Securities and Exchange Commission, Non-GAAP Financial Measures, last updated April 4, 2018, available at: https://www.sec.gov/divisions/corpfin/guidance/nongaapinterp.htm

31. With respect to Centerview's *Discounted Cash Flow Analysis*, the Solicitation Statement fails to disclose: (i) the inputs and assumptions underlying the discount rates ranging from 12.0% to 14.0%; (ii) the implied terminal value of the Company; (iii) the Company's weighted average cost of capital; (iv) the basis underlying the assumption that CinCor's unlevered free cash flows would decline in perpetuity after December 31, 2041 at a rate of free cash flow decline of 50% year over year; (v) the inputs and assumptions underlying the tax rate of 28%; and (vi) the estimated total number of fully diluted outstanding shares of CinCor as of January 6, 2023.

32. With respect to Centerview's *Analyst Price Target Analysis*, the Solicitation Statement fails to disclose the Wall Street research analyst reports reviewed and the price targets published by each analyst.

33. With respect to Centerview' *Premia Paid Analysis*, the Solicitation Statement fails to disclose: (i) the transactions selected; and (ii) the premiums paid in those transactions.

34. In sum, the omission of the above-referenced information renders statements in the Solicitation Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff will be unable to make a fully-informed decision regarding whether to tender their shares, and they are thus threatened with irreparable harm, warranting the injunctive relief sought herein.

**CLAIMS FOR RELIEF**

**<u>COUNT I</u>**

**On Behalf of Plaintiff Against All Defendants for
Violations of Section 14(e) of the Exchange Act**

35. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

36. Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . ." 15 U.S.C. § 78n(e).

37. Defendants violated Section 14(e) of the Exchange Act by issuing the Solicitation Statement in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, in conjunction with the Tender Offer. Defendants knew or recklessly disregarded that the Solicitation Statement failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

38. The Solicitation Statement was prepared, reviewed and/or disseminated by Defendants. It misrepresented and/or omitted material facts, including material information about the consideration offered to stockholders via the Tender Offer, the intrinsic value of the Company, the Company's financial projections, and the financial advisor's valuation analyses and resultant fairness opinion.

39. In so doing, Defendants made untrue statements of material fact and omitted material information necessary to make the statements that were made not misleading in violation of Section 14(e) of the Exchange Act. By virtue of their positions within the Company and/or roles in the process and in the preparation of the Solicitation Statement, Defendants were aware of this information and their obligation to disclose this information in the Solicitation Statement.

40. The omissions and misleading statements in the Solicitation Statement are material in that a reasonable stockholder would consider them important in deciding whether to tender their

shares or seek appraisal. In addition, a reasonable investor would view the information identified above which has been omitted from the Solicitation Statement as altering the "total mix" of information made available to stockholders.

41. Defendants knowingly, or with deliberate recklessness, omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while Defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Tender Offer, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

42. The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff, and Plaintiff will be deprived of his entitlement to make a fully informed decision if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

**COUNT II**
**Violations of Section 14(d)(4) of the Exchange Act and**
**Rule 14d-9 Promulgated Thereunder**
**(Against All Defendants)**

43. Plaintiff repeats and re-alleges each allegation set forth above as if fully set forth herein.

44. Defendants have caused the Solicitation Statement to be issued with the intention of soliciting stockholder support of the Tender Offer.

45. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

46. The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which render the Solicitation Statement false and/or misleading.

47. Defendants knowingly, or with deliberate recklessness, omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while Defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Tender Offer, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

48. The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff and Plaintiff will be deprived of his entitlement to make a fully informed decision if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

## COUNT III

**On Behalf of Plaintiff Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

49. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

50. The Individual Defendants acted as controlling persons of CinCor within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as directors of CinCor, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of CinCor, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

51. Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading prior

to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

52. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of CinCor, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Solicitation Statement at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction. The Individual Defendants were thus directly involved in the making of the Solicitation Statement.

53. In addition, as the Solicitation Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Solicitation Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

54. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

55. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(d) and (e), by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

56. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in his favor and against the Defendants jointly and severally, as follows:

A. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Solicitation Statement;

A. Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

B. Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

C. Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

D. Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: January 23, 2023             **MELWANI & CHAN LLP**

/s *Gloria Kui Melwani*
Gloria Kui Melwani (GM5661)
1180 Avenue of the Americas, 8th Floor
New York, New York 10036

15

                Tel: (212) 382-4620
                Email:  gloria@melwanichan.com

*Attorneys for Plaintiff*